## MUTUAL LIFE INS. CO. OF NEW YORK v. BRAUDE.

### No. 5557.

Circuit Court of Appeals, Third Circuit.

Feb. 26, 1935.

Arthur G. Dickson, of Philadelphia, Pa. (Frederick L. Allen, of New York City, of counsel), for appellant.

C. Brewster Rhoads, Laurence H. Eldredge, and Herman D. Levinson, all of Philadelphia, Pa. (Montgomery & McCracken, of Philadelphia, Pa., of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. Suit was brought upon a life insurance policy to recover double indemnity. The policy provided that double indemnity should not be payable "if such death result from any violation of law by the insured." The insured died as a result of being struck by a train of the Pennsylvania Railroad Company at Elizabeth, N. J. The insurance company paid the beneficiary the face amount of the policy, but defended the claim for double indemnity upon the ground that the death of the insured resulted from violation of the law by the insured. The jury found for the beneficiary, the appellee.

A New Jersey statute provides as follows: "*Trespassing on tracks; contributory negligence; crossings.*—It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon a public highway; if any person shall be injured by an engine or car while walking, standing or playing on any railroad, or by jumping on or off a car while in motion, such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor any damages from the company owning or operating said railroad; provided, that this section shall not apply to the crossing of a railroad by any person at any lawful public or private crossing." 3 Comp. St. 1910, p. 4245, § 55.

The uncontradicted testimony showed that the insured was seen upon the railroad tracks immediately before the train struck him. It was therefore the theory of the ap-

---

[1] A stricter interpretation is given in Crossett Western Co. v. Commissioner

(C. C. A.) 73 F.(2d) 307.

pellant that the insured met his death while violating a law of New Jersey. In conformity with this theory, it requested the trial judge to charge as follows: "An act expressly prohibited by Public Statute is in its inception and always must continue to be unlawful. Whoever in New Jersey walks upon or along the tracks of a railroad, except when necessary to cross the same upon some street, highway or public place, violates the law."

 Although the learned trial judge instructed the jury upon the law relating to the doctrine of permissive use of a path upon the railroad company's right of way, he did not charge the jury in accordance with the appellant's request. Since the testimony in the case was to the effect that the insured was found on the tracks of the railroad and not on the adjoining pathway, we think that the jury should have been instructed to determine whether the insured was a trespasser on the railroad tracks and, if it found in the affirmative, to return a verdict for the appellant, since one of the conditions of the policy had been violated. We think the failure to give the instructions requested by the appellant was error.

The judgment is therefore reversed with a venire de novo.